FILED & ENTERED

JAN 25 2011

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY natan        DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Automated Finance Corporation,<br><br>Debtor(s),<br><br>David Seror Ch 7 Trustee<br><br>Plaintiff(s),<br><br>Vs.<br><br>Doreen Rooney Stone as Trustee for the Doreen Rooney Stone Trust, Michael Toth as Trustee for the Michael B. Toth Trust, Doreen Rooney Stone, Michael B. Toth<br><br>Defendant(s). | Case No.: 1:08-bk-14339-MT<br><br>Adversary No.: 1:10-ap-01378-MT<br><br>Chapter: 7<br><br>**MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO DISMISS COMPLAINT** |

//
//

- 1 -

## I. **Background**

On September 8, 2010, the chapter 7 trustee (the "Trustee") filed a complaint against Michael B. Toth and Doreen Rooney Stone (collectively, the "Defendants"). The complaint seeks to quiet title as to real property located at 31636 Sea Level Dr., Malibu CA (the "subject property"), and avoid encumbrances thereon which were purportedly transferred to the Defendants in 2006.

## II. **Standard**

A motion to dismiss under Civil Rule 12(b)(6) challenges the sufficiency of the allegations set forth in the complaint. "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990)). In resolving a Civil Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded factual allegations as true. Johnson, 534 F.3d at 1122; Knox v. Davis, 260 F.3d 1009, 1012 (9th Cir. 2001). On the other hand, the court is not bound by conclusory statements, statements of law, and unwarranted inferences cast as factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562 (emphasis added) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)).

In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), the Supreme Court elaborated on the Twombly standard: To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. (citations and internal quotation

- 2 -

marks omitted). Further, the allegations of the complaint, along with other materials properly before the court on a motion to dismiss, can establish an absolute bar to recovery. *See* Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 n. 1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts."). While the court generally must not consider materials outside the complaint, the court may consider exhibits submitted with the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

In addition, facts properly subject to judicial notice may be used to establish that the complaint does not state a claim for relief. Intri-Plex Techs., Inc., 499 F.3d at 1052; Estate of Blue v. County of Los Angeles, 120 F.3d 982, 984 (9th Cir.1997); Mullis v. Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). In this regard, a court can properly take judicial notice of court papers filed in related litigation. Estate of Blue, 120 F.3d at 984.  Further, court documents filed in an underlying bankruptcy case are subject to judicial notice in related adversary proceedings and district court lawsuits. O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Mullis, 828 F.2d at 1388.

### III.    Analysis

#### A.    Timeliness of the Complaint

The threshold issue raised by the Defendants' motion to dismiss is that the Trustee's complaint is time barred by the applicable statute of limitation.  The second through fifth causes of action in the Trustee's complaint are for fraudulent conveyances under 11 U.S.C. §548.[1]  The applicable provision of §546 provides that an action under §548 must be brought within 2 years of the entry of the order of relief.  Here, the case was filed on June 26, 2008.  The Defendants contend that because the Trustee did not file this complaint until September 8, 2010, the Trustee missed the two year deadline, and the second through fifth causes of action are time-barred.  Furthermore, the Defendants assert that because the first cause of action in the complaint to quiet title arises out of the claimed fraudulent conveyances, it too is time barred.

---

[1] Unless otherwise noted, all references are to the United States Bankruptcy Code.

The causes of action are not time barred because the date of entry of the order of relief was extended by court order. The main bankruptcy case was instituted by way of an involuntary petition. The Defendants are correct in pointing out that "[t]he commencement of a voluntary case under [the bankruptcy code] constitutes an order for relief . . . ." 11 U.S.C. §301(b). However, the Defendants' argument that as a matter of law there can be only one date of entry of the order for relief which is defined as the "commencement date" is simply incorrect. Section 301(b) applies only to voluntary cases. As noted above, the main bankruptcy case here was initiated by an involuntary petition. Section 303 governs involuntary cases, and a plain reading of that section makes clear that with respect to involuntary petitions, the commencement date and the date the order for relief is entered are not one and the same.

In the bankruptcy at issue, the order for relief was initially entered on July 29, 2008, by way of stipulation. Subsequently, the Trustee sought substantive consolidation to bring the debtor's principal into the case and to consolidate the estates. Pursuant to the settlement agreement stemming from the substantive consolidation proceeding, "the date of the order for relief shall be the Effective Date." The "Effective Date" was defined in the settlement agreement as being 11 days after entry of the order approving the stipulation. The order approving the settlement was entered on October 9, 2009. Therefore, pursuant to the court order approving the settlement agreement, the date of the order for relief became October 20, 2009.

The court may alter the effective date of the order for relief in the appropriate circumstances. 11 U.S.C. §348(b); see, e.g., In re Morris, 29 C.B.C.2d 165, 155 B.R. 422 (Bankr. W.D. Tex. 1993) (debtor's conversion from chapter 7 to chapter 11 and reconversion to 7 was manipulation to discharge postpetition gambling debts which should be disregarded for purposes of determining the date of entry of the order for relief). Here, the date of the order for relief in the bankruptcy was altered as described above pursuant to the settlement of the substantive consolidation proceedings. This was done so for a very practical reason: Changing the date of the order for relief to the Effective Date of the order approving the settlement (as defined in the settlement) allowed the Trustee to avoid being prejudiced by having a reduced amount of time within which to pursue adversary proceedings that may have been discovered as a result of the newly consolidated estate. The additional parties were simply not part of the bankruptcy estate until the settlement was reached and an order for relief could be entered

The Defendants further argue that settlement agreement language in paragraph 5(g) of the settlement agreement, which provides for changing the date of the order for relief to the "Effective Date" of the order approving the settlement, is superseded by language contained elsewhere in the settlement agreement. Specifically, the Defendants first point to paragraph 5(h), which provides that "[a]ll applicable dates and deadlines that apply to an involuntary debtor, creditors, interested parties and a chapter 7 trustee shall be applicable and based upon a June 26, 2008 filing date . . . ." Second, the Defendants cite paragraph 25 of the settlement agreement, which provides that the settlement is governed by California law. Under California law, when interpreting a written agreement, if a general and specific provision are inconsistent, the specific provision prevails. CAL. CIV. PRO §1859.

With respect to the Defendants' first point, nothing contained in paragraph 5(h) of the settlement agreement contradicts amendment of the date of the order for relief to the "Effective Date" of the order approving the settlement agreement. As noted above, pursuant to section 303, in involuntary cases the commencement date is not the same as the date of entry of the order for relief. See 11 U.S.C. §303. In nearly all involuntary cases, the commencement date will be an earlier date and the date of entry of the order for relief will be a later date. Therefore, the language in paragraph 5(h) of the settlement agreement stating that all applicable dates and deadlines that apply to an involuntary debtor, creditors, interested parties and a chapter 7 trustee shall be applicable and based upon a June 26, 2008 filing date . . . ." cannot be read to mean that the date of the order for relief is June 26, 2008 as the Defendants contend, since regardless of the commencement date of an involuntary case, the date of the order for relief only occurs when the court so orders.

As to the second point advanced by the Defendants, it is not clear how the fact that the parties to the settlement agreed that the settlement would be governed by California law changes the analysis. In fact, CCP §1859 appears to cut against the Defendants' argument, since paragraph 5(g) is the more specific provision and paragraph 5(h) is the more general provision.

As a result of the foregoing analysis, the complaint is not time-barred.

//
//
//

- 5 -

### B.     First Cause of Action: Quiet Title

The Defendants assert that the Trustee's first cause of action for quiet title should be dismissed because the Trustee has failed to plead the cause of action with specificity. In order to properly plead a cause of action for quiet title, the plaintiff must allege "(1) a legal description and common designation of the property, (2) the title of the plaintiff and its basis, (3) the adverse claims to the plaintiff's title, (4) the date as of which the determination is sought, and (5) a prayer that title is quieted in the plaintiff." Briosos v. Wells Fargo Bank, 2010 U.S. Dist. LEXIS 134995, 30-31 (N.D. Cal. 2010). An action for quiet title is not an action sounding in fraud, and therefore, so it is not subject to the heightened pleading requirements found in FED. R. CIV. P. 9(b).

Here, the complaint satisfies the pleading requirements for an action to quiet title. It is true, as argued by the Defendants, that the complaint fails to name all persons or entities having an adverse claim to the subject property. The Trustee does not dispute that there are claims adverse to the Trustee's assertion of title in addition to those asserted by the Defendants. The Trustee has not named those other claims in the complaint. A close reading of CCP §762.010, as well as the supporting case law and secondary sources, leads to the conclusion that the reading of the statute advanced by the Defendants is correct. See, e.g. Thi v. Tung Hoang Vo, 2009 Cal. App. Unpub. LEXIS 3773 (Cal. App. 2d Dist. 2009); CALIFORNIA CIVIL PRACTICE (Thompson/West, 2005, 2d ed.). The Trustee's failure to name all entities claiming adverse interests to the subject property does not mean that the complaint fails to state a claim for quiet title. Blackburn v. Bucksport & E. R. R. Co., 7 Cal App 649 (Cal. App. 1908) (failure to name parties claiming adverse interests in a quiet title action does not go to the cause of action). As the legislative comment to CCP §762.010 makes clear, a failure to join known adverse claimants in a quiet title action merely results in a judgment that does not bind those unnamed parties. Therefore, as to the Defendants in this case, the action for quiet title is adequately plead as to the named defendants.

### C.     Second Cause of Action: Intentional Fraudulent Transfer

The second cause of action alleges actually fraudulent transfers under 11 U.S.C. §548(a)(1)(A) and Cal. Civ. Code. §349.04(a)(1). With respect to allegations of actual fraudulent transfers, "a claim to avoid a fraudulent transfer is sufficient if it satisfies the heightened pleading standard for actual fraud provided in Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b), made applicable by Rule 7009 of the Federal Rules of Bankruptcy Procedure, requires a party alleging fraud to 'state with particularity

the circumstances constituting fraud . . . .'" Angell v. Haveri (In re Caremerica, Inc.), 409 B.R. 346, 353 (Bankr. E.D.N.C. 2009) (citing FED. R. CIV. P. 9(b); FED. R. BANKR. P. 7009); see also Sunnyside Dev. Co. LLC v. Cambridge Display Tech., Ltd., 2008 U.S. Dist. LEXIS 74850 (N.D. Cal. 2008) (holding that the heightened pleading requirements in Rule 9(b) apply to intentionally fraudulent transfers). The Trustee has not met this heightened standard. Although the complaint alleges that debtors and/or their principals were engaged in a Ponzi scheme, and the mere existence of a Ponzi scheme establishes actual intent to defraud, Donell v. Kowell, 553 Fd.3d (762 (9th Cir. 2008), the Trustee has not pled any facts that tie together the intent with the specific transfers being attacked. It is not clear upon what facts the Trustee is asserting that the transfers were actually fraudulent. This must be amended.

### D.    Third, Fourth & Fifth Causes of Action: Constructive Fraudulent Transfers

The third through fifth causes of action all allege constructively fraudulent transfers. A cause of action asserting a constructively fraudulent transfer is not subject to the heightened pleading standards. 409 B.R. at 553; Sunny Side Dev., 2008 U.S. Dist. LEXIS at 27-28; In re Verestar, Inc., 343 B.R. 444, 459 (Bankr. S.D.N.Y. 2006). These causes of action are adequately pled as to most elements with a short plain statement as required by Fed. R. Civ. P. 8, as modified by Twombly. While the allegations pled under each subheading for each respective cause of action are mostly recitations of the statutory requirements for the causes of action, each of these causes of actions incorporates paragraphs 1 through 12 of the complaint, which contain factual allegations sufficient in large part to satisfy the pleading requirements and give the Defendants notice of the claims being asserted. However, the allegation that the debtor(s) did not receive reasonably equivalent value in exchange for the transfers is nothing more than a bare conclusion not supported by any factual assertion, failing to meet even the ordinary pleading standards found in Rule 8. Therefore, with respect to this required element of the constructively fraudulent transfer allegation, the Trustee will need to amend the complaint.

//
//
//
//
//

- 7 -

### IV. Conclusion

Although the complaint is not time-barred, the Trustee must amend the complaint to meet the pleading requirements under both Rules 8 and 9 as detailed above. Finally, as a general matter, the complaint at various points identifies the "Debtor," a defined term, and the "Debtors," an undefined term. The complaint will need to be amended to make clear to which of the numerous debtors the particular allegations refer.

For all of the forgoing reasons, the Defendants' motion to dismiss is granted in part, and denied in part. The Trustee shall file the amended complaint no later than February 25, 2011. The status conference is continued to March 23, 2011 at 11:00 a.m. As the prevailing party, the Defendants are required to lodge an order in conformity with this ruling.

DATED: January 25, 2011

United States Bankruptcy Judge

- 8 -

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**)  **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO DISMISS COMPLAINT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of January 25, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Richard Burstein    rburstein@ebg-law.com, ecf@ebg-law.com
- Daniel J McCarthy    dmccarthy@hillfarrer.com
- David Seror (TR)    kpscion@ecjlaw.com, dseror@ecf.epiqsystems.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page